An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATRELL KESHUN DUNCAN A/K/A
MATRELL DUNCAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61724

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order for revocation of probation and amended judgment of conviction. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Matrell Keshun Duncan contends that his right to due process was violated because the district court did not make written findings and its oral findings are unclear regarding the basis for the revocation of his probation. We agree.

Probationers are entitled to "a written statement by the factfinders as to the evidence relied on and reasons for revoking probation." *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (internal parenthesis and quotation marks omitted); *Anaya v. State*, 96 Nev. 119, 122, 606 P.2d 156, 158 (1980). Transcribed oral findings ordinarily satisfy this requirement, so long as the oral findings make the basis of the revocation and the evidence relied upon sufficiently clear. *See, e.g., United States v. Sesma-Hernandez*, 253 F.3d 403, 405-06 (9th Cir. 2001); *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994) (citing cases); *State v. Leiderman*, 86 S.W.3d 584, 591 (Tenn. Crim. App. 2002).

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 21477

Here, it is unclear from the record what violation or violations the district court concluded that Duncan committed. Testimony at the hearing indicated that Duncan failed to pay his supervision fees and obtain employment, and was involved in a robbery. While the primary focus of the hearing was on Duncan's alleged involvement in the robbery and the court's disbelief of his denial of any involvement, the court also repeatedly mentioned Duncan's lack of employment. The district court did not issue written findings, made only a conclusory statement that it was going to revoke Duncan's probation, and never clarified what conduct the revocation was based upon. Under these circumstances, we conclude the district court's oral statements are insufficient to clearly identify the violation or violations relied upon to revoke Duncan's probation, and we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.                _____, J.
Parraguirre                                  Cherry

cc:  Hon. Michelle Leavitt, District Judge
     Law Offices of William H. Brown
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[1]In light of our disposition, we need not reach Duncan's other assertions of error.